# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRUCE LARKIN,**

              **Plaintiff,**

**-vs-**                                              **Case No. 6:15-cv-762-Orl-40GJK**

**FAMILY DOLLAR STORES OF**
**FLORIDA, INC.,**

              **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL (Doc. No. 18)**
>
> **FILED:**    **September 22, 2015**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, the Court **APPROVE** the parties' Settlement Agreement (Doc. No. 18-1), incorporate the terms of the Settlement Agreement into the Court's order of dismissal, **DISMISS the case with prejudice**, and retain jurisdiction for one (1) year to enforce the terms of the Settlement Agreement.

    On May 13, 2015, Bruce Larkin (the "Plaintiff") filed a complaint (the "Complaint") against Family Dollar Stores of Florida, Inc. (the "Defendant"), pursuant to the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12181 *et. seq*., alleging that Defendant's place of public

accommodation (the "Premises") has certain physical and architectural barriers, which restrict and/or limit Plaintiff's access to the entrance, goods and services, the public restrooms. Doc. No. 1 at 1-4.

On September 15, 2015, the Plaintiff filed a Notice of Settlement. Doc. No. 16. On September 16, 2015, the Court entered an order administratively closing the case, subject to the right of any party to file within sixty (60) days a stipulated form of final order or judgment, or a motion to reopen the case. Doc. No. 17 at 1. On September 22, 2015, the parties filed a Joint Motion for Approval of Settlement and for Dismissal (the "Motion"). Doc. No. 18. On September 25, 2015, the Court entered an order referring the Motion to the undersigned for a report and recommendation. *See* Doc. No. 19.

In the Motion, the parties request that the Court enter an order approving their Settlement Agreement (Doc. No. 18-1); retaining jurisdiction to enforce the terms of the Settlement Agreement (Doc. No. 18-2 at 1); and otherwise dismissing the case with prejudice. Doc. No. 18 at 3.[1] The Settlement Agreement provides that Defendant: "agrees to modify the Premises by addressing each of the violations specifically described in Paragraphs A through F, H through J, and L of Plaintiff's 'ADA Compliance Report,' dated July 5, 2015, and, as to those specific issues, modifying the Premises, as necessary, to bring those elements into compliance with the 2010 ADA Accessibility

---

[1] The Motion is silent as to attorneys' fees and costs. Doc. No. 18. The Settlement Agreement provides that Defendant shall pay reasonable attorneys' fees and costs to Plaintiff's counsel. Doc. No. 18-1 at 3. It further provides that the amount of attorneys' fees and costs to be paid to Plaintiff's counsel "shall be determined by agreement of counsel for the Parties but if no agreement is reached, then the amount will be determined by the Court." Doc. No. 18-1 at 3. The Settlement Agreement states that the amount of attorneys' fees and costs agreed upon by the parties "shall be delivered to Plaintiff's counsel within ten (10) business days of the date Plaintiff executes the Settlement Agreement." Doc. No. 18-1 at 3. The Settlement Agreement was executed by Plaintiff on September 9, 2015. Doc. No. 18-1 at 4. No motion for attorneys' fees and costs has been filed. Furthermore, the parties' proposed order provides that subject only to the Court retaining jurisdiction to enforce the terms of the Settlement Agreement, "this action is otherwise dismissed with prejudice, <u>with no award of fees or costs to any party</u>." Doc. No. 18-2 at 1 (emphasis added). The undersigned interprets the Motion, the Settlement Agreement, and the parties' proposed order, as indicating that the parties have resolved all issues with respect to attorneys' fees and costs.

Standards." Doc. No. 18-1 at 2. The Settlement Agreement further provides: "All alterations, modifications, and policies required by this Agreement shall be completed by [Defendant] within one year from the effective date of this Agreement." Doc. No. 18-1 at 2. Upon completion of the work, Defendant shall provide Plaintiff, through counsel, with written notice and Plaintiff shall have thirty (30) days to make inspection and verify that the modifications comply with the terms of the Settlement Agreement. Doc. No. 18-1 at 2.

Having reviewed the parties' Motion (Doc. No. 18), the Settlement Agreement (Doc. No. 18-1), and the parties' proposed order (Doc. No. 18-2), the undersigned **RECOMMENDS** that the Court **GRANT** the Motion (Doc. No. 18) as follows:

> 1. Enter an order approving the Settlement Agreement and adopting the terms therein;
>
> 2. Dismissing the case with prejudice; and
>
> 3. Retaining jurisdiction for one (1) year from the date of the Court's order to enforce the terms of the Settlement Agreement.[2]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[2] Retaining jurisdiction for one (1) year from the date of the Court's order will permit the Defendant time to modify the Premises in order to comply with the requirements of the Settlement Agreement.

Recommended in Orlando, Florida on December 21, 2015.

                                                                    GREGORY J. KELLY
                                                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy